Cadillac Automobile Co.
vs.                          No. 57377.
Anna F. Fisher

June 13, 1931.

CAPOTOSTO, J. On March 16, 1927, the jury returned a verdict for the defendant in an action in assumpsit. March 19, 1927, the plaintiff filed a motion for a new trial. This motion was not argued before the Court until May 16, 1931. At this speed the parties may obtain a final determination of their controversy after many of us can speak no more. However, the existence of a transcript of the late and lamented Miss Chase recalls to us the facts in issue.

The dispute centered around the defendant's liability on certain promissory notes given as part payment in the purchase of an automobile. The defendant resisted payment on the ground of fraud in reference to an insurance policy, for which she paid the premium, which was to protect her for any unpaid balance in case of loss of the automobile by fire or theft.

The insurance was secured but not in accordance with the representations made. The automobile was thereafter stolen. The plaintiff later received from the insurance company the identical amount represented by the notes in issue. The defendant maintained that this amount was received by the plaintiff in compliance with her original agreement and in satisfaction of the notes. The plaintiff contended that the payment in question was nothing but a loan from the insurance company which it would have to repay.

The real issue is one of fact and credibility. The explanation advanced by the plaintiff is strained and so op-

posed to ordinary practice as to impress it with the stamp of improbability. The attitude and manner of testifying of the plaintiff's witnesses showed a lack of confidence in their own position. The Court is not unmindful of the fact that the credibility of the only witness for the defendant was attacked by a conviction for crime. In this particular instance the Court believes that he is telling the truth, in spite of any transgression for which he may have been punished.

The plaintiff's case savors too much of a secret understanding with the insurance company. Looking at the facts from a common sense point of view, the inference is quite strong that the plaintiff has in fact been paid the entire amount of the loss, and that the theory of a "loan" is advanced in the hope of being able to recover something for the ultimate benefit of the insurance company. When the defendant's testimony is scrutinized in the light of the exhibits and the conduct of the plaintiff itself, the Court feels that the jury was amply justified in returning the verdict which it did.

Plaintiff's motion for a new trial denied.

For plaintiff: Boss, Shepard & McMahon.

For defendant: McGovern & Slattery.